UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

IN RE

MULLEN ET AL,
      Appellants

v.

RONALD A HANSEN,
      Apelle

APPEAL NO. 1:05-cv-11690- NG
CHAPTER 13
CASE NO   04-20254 WCH

APPELANTS' BRIEF

I. Facts and Background

On December 13, 2004, the Apellee in this case filed a Chapter 13 case in United States Bankruptcy Court- Case No 04-20254 WCH. Appellee owns property at 5 River Haven Lane, East Falmouth, MA upon which Appellant has a judicial lien in the amount of $42,309.00  There are also two mortgages on the property, which together total $82,982.00 (as revised by Appellee during proceedings in the lower court). The value of the River Haven Lane property is in dispute and was not established by the Bankruptcy Court. Appellee filed an appraisal in the amount of $600,000.00. Appellants appraisal (see item #1 of Appellant's Designation of Documents) amounted to $610,000.00.

Appellee subsequently filed a Motion to Avoid Lien to which the Appellant filed a timely objection on January 20, 2005. Judge William Hillman issued an order avoiding Appellant's judicial lien in its entirety on May 13, 2005. Citing in **re Silveira, 141F.3d 34,36-38 (1st Cir. 1998)** On May 23, 2005, Appellants timely filed a Motion to Reconsider and to amend the May 13th order. Judge Hillman denied this motion on June 22, 2005. The instant appeal of these decisions was timely filed July 5, 2005.

**II.     Discussion**

Although it is agreed that Appellants' lien does constitute an "impairment" within the definition in 11.U.S.C.§522(f)1)(a) and is entitled to be avoided, the avoidance is limited to the 11 U.S.C.§ 522(f)(2)(a) formula. The facto in this case would seem to lend themselves to a strict application of the formula as depicted below:

```
     $ 42,309.02   (original lien)
  +  $ 82,928.27   (all other liens as revised by Debtor)
  +  $500,000.00   (amount of the exemption)
     _____
     $625,237.29   (total)
  +  $605,000.00   (Debtor's interest in absence of liens)
                   (Compromise of the two appraisals)
     _____
     $ 20,237.29   (amount of impairment to be avoided)
```

The foregoing would leave the remaining attachment ($42,309.02 - $20,237.29= $22,071.73) intact.

The application of the formula would seem to produce an outcome in keeping with the statutory purpose intended by Congress.

**III.    Conclusion**

Appellee is not entitled to full avoidance. An order should issue establishing the value of 5 River Haven Lane and applying the value determined to the section 522(f) formula in order to determine the extent of the impairment. The amount of the lien which does not impair Appelle's exemption should be reinstated.

Respectfully Submitted,

September 1, 2005

William R. Mullen

Steven W. Sahagian

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

IN RE

**RONALD A. HANSEN**

**DEBTOR**

**CHAPTER 13**
Case No. 04-20254 WCH

05cv11690-NG

## CERTIFICATE OF SERVICE

We, William R Mullen and Steven W. Sahagian, hereby certify that on the 1st day of September, 2005, I caused to be mailed by first class mail, postage prepaid (or facsimile if noted), a copy of the attached APPELANTS' BRIEF to the following:

Doreen Solomon, Esq.  
P O Box 8250  
Boston MA 02114

Chapter 13 Trustee  
VIA FASCIMILE: 617-723-2998

Henry C. Ellis (BBO# 153360)  
ASSIRAN, ELLIS & DEVLIN  
79 Church Green  
Taunton MA 02780-3445

Attorney for Debtor

Ronald Hansen  
5 River Haven Lane  
E. Falmouth MA  02536

Debtor

Signed under the pains and penalties of perjury this 1st day of September, 2005.

William R Mullen (781)440-0808  
49 Porter Street  
Westwood MA 02090

Steven W. Sahagian (617)484-3588  
79 Rutledge Road  
Belmont MA 02478