UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

IN RE

MULLEN, ET AL,
        Appellants

v.

RONALD A. HANSEN,
        Appellee

APPEAL NO. 1:05-cv-11690
CHAPTER 13
CASE NO.  04-20254 WCH

BRIEF FOR THE APPELLEE,
Ronald A. Hansen
By his attorney,

*[signature]*

Henry C. Ellis, Esq.  BBO# 153360
79 Church Green
Taunton, MA 02780
(508) 824-7597

Date:    October 27, 2005

**I.     Table of Contents**

*A. Sections*

**Statement of the Basis of Appellate Jurisdiction**.........................
**Issue on Appeal** ...................................................................
**Standard of Review**..............................................................
**Statement of Case**................................................................
**Argument**............................................................................
**Conclusion**..........................................................................

*B. Authorities Cited*

United States Bankruptcy Code, 28 U.S.C. § 158(a) (2004)...............

Federal Rules of Bankruptcy Procedure,
   11 C.F.R. § 8002(a), (c) (2004).............................................

*In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir.1991).....................

*In re Gonic Realty Trust*, 909 F.2d 624, 626 (1st Cir.1990)...............

*In re Martin*, 817 F.2d 175, 182 (1st Cir.1987).............................

## II.  Statement of the Basis of Appellate Jurisdiction

The United States District Court, District of Massachusetts has direct appellate jurisdiction over the United States Bankruptcy Court, District of Massachusetts. *See* 28 U.S.C. § 158(a) (2004). On May 13, 2005, Honorable William C. Hillman of the United States Bankruptcy Court, District of Massachusetts entered an Order on the Apple's Motion To Avoid Judicial Lien in Case No. 04-20254-WCH. The lienholders whose lien the court avoided seek appeal of the Order in the appropriate court, the United States District Court, District of Massachusetts.

## III.  Issue on Appeal

1. Did the United States Bankruptcy Court properly grant the Appellee's Motion to Avoid Judicial Lien with William R. Mullen and Steven Sahagian in an Order issued on May 13, 2005 when it used the Appellee's appraisal in applying the necessary calculations to determine whether avoidance was warranted?

## IV.  Standard of Review

The United States District Court, District of Massachusetts must review the May 13, 2005 Order under a clearly erroneous standard because the issue on appeal remains an issue of fact. *In re Gonic Realty Trust*, 909 F.2d 624, 626 (1st Cir.1990); *see also In re G.S.F. Corp.*, 938 F.2d 1467, 1474 (1st Cir.1991). In applying the clearly erroneous standard, the court must give considerable deference to the Bankruptcy Court because the "judge is on the front line, in the best position to gauge the ongoing interplay of factors and to make the delicate judgment calls which such a decision entails." *In re Martin*, 817 F.2d 175, 182 (1st Cir.1987).

## V.  Statement of Case

*A. Procedural History*

On December 21, 2004, the Appellant filed a petition for relief under Chapter 13 of the Bankruptcy Code.

This is an appeal from the order entered on May 13, 2005 (the "Order"), by the Honorable William C. Hillman of the United States Bankruptcy Court on Appellee's Motion to Avoid Judicial Lien. (See Appellee's Designation of Additional Documents to be Included in the Record of Appeal, Document 1, Order dated May 13, 2005 (Docket # 39)). On December 30, 2004, the Appellee filed a Motion to Avoid Lien on his home which was allowed on May 13, 2005. The Appellant filed this appeal of the May 13, 2005 Order on July 5, 2005. This appeal was not timely filed.

*B. Statement of the Facts*

On August 12, 2004, Appellants William R. Mullen and Steven Sahagian recorded a judicial lien (levy) in Book 18931, Pages 195-6 in the Barnstable County Registry of Deeds. On May 13, 2005, Honorable William C. Hillman of the United States Bankruptcy Court granted Appellee's Motion to Avoid Judicial Lien, avoiding the Appellants' lien. The court avoided the Appellants' lien because the lien of Appellants impaired the exemption to which the Appellee is entitled to under the Bankruptcy Code with respect to his home located at 5 River Haven Lane, East Falmouth, MA (the "home").

The Appellee submitted its appraisal into evidence at the May 13, 2005 evidentiary hearing on the Motion to Avoid the Judicial Lien for the home. The value of the home is $564,000-$570,000 according to the special Addenda to the Appellee's appraisal January 26, 2005. (See Appellee's Designation of Additional Documents to be Included in the Record of Appeal, Document 3, Appraisal of 5 River Haven Lane (Docket # 38)).

The Appellants and Appellee agree that, for purposes of the appeal, the mortgage encumbrances on the home as of December 21, 2004 were:

    1. First mortgage in favor of Residential Mortgage, Inc. in the sum of $64,787.44.

    2. Second mortgage in favor of Citizens Bank in the sum of $18,140.83.

There is no dispute that, when Judge Hillman considered whether or not to allow the Motion to Avoid Judicial Lien, he had in evidence before him only the Appellee's appraisal.

**VI.    Argument**

This court should uphold Judge Hillman's May 13, 2005 Order.

*A. The Appellant Is Not Entitled To Appeal the Order or Motion to Reconsider*

Federal Rules of Bankruptcy Procedure, § 8002 (a) state that an Appellant must submit "[t]he notice of appeal ... with the clerk within 10 days of the date of the entry of the ... order ..." § 8002(a). Part (c) allows for an extension for the time of the appeal § 8002 (c). The Appellant submitted a document entitled Lienholders' Notice of Appeal for the May 13, 2005 Order (the "Appeal") on July 5, 2005, almost two months after the date of entry of the Order. The Appellants failed to ask the court for an extension of time for their appeal nor did they qualify under § 8002(c). Therefore, this appeal was not submitted timely. No appeal was ever actually taken on the Appellants' Motion to Amend and Reconsider Order (the Appellants' brief addresses both motions).

4

*B. The Order Is Not Clearly Erroneous*

The bankruptcy court, had before it the Appellee's appraisal when it considered the Appellee's Motion to Avoid Judicial Lien on May 13, 2005. The Appellee submitted the appraisal into evidence at the hearing on the Motion to Avoid Judicial Lien on May 13, 2005.

The Appellants failed to submit their appraisal into evidence at the May 13, 2005 hearing. The court could not have relied on the Appellants' appraisal as the Appellant failed to submit the document into evidence.

Judge Hillman did not clearly err. He had the Appellee's appraisal before him which served as the basis for the Order. He, therefore, valued the home as documented by the Appellee's appraisal to arrive at his final calculation, which supported avoidance of the Appellants' lien because that was the only appraisal entered into evidence. Essentially, there was no room for error because the evidence only allowed one conclusion, avoidance of the lien.

The Appellants would have the court reverse the May 13, 2005 Order. This court should give deferential treatment to the bankruptcy court to determine calculations and numbers in a bankruptcy case. Here, the Appellants failed to submit an appraisal into evidence for consideration before the bankruptcy court. The court subsequently made a decision based on the evidence before it. The Appellants ask this court to reverse a decision on an appraisal never put into evidence by the Appellants. This is not clear error.

## VII.   Conclusion

Respectfully, the bankruptcy court properly granted the Appellee's Motion to Avoid Lien with William R. Mullen and Steven Sahagian on May 13, 2005. This appeal was not timely filed. Therefore, this court should uphold the bankruptcy court's Order dated May 13, 2005.

C:\Documents and Settings\Ellis\Desktop\Hansen Appeal_Motion to Avoid Judicial Lien _ELLIS EDITS.doc

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| IN RE<br><br>MULLEN, ET AL,<br>    Appellants<br><br>v.<br><br>RONALD A. HANSEN,<br>    Appellee | APPEAL NO. 1:05-cv-11690<br>CHAPTER 13<br>CASE NO   04-20254 WCH |

### CERTIFICATE OF SERVICE

I, Henry C. Ellis, hereby certify that I have this day forwarded a copy of the within BRIEF FOR THE APPELLEE, by first class mail, postage prepaid (or by facsimile or via e-mail notification if so noted) to the following:

| | |
|---|---|
| Doreen Solomon, Esq.<br>Chapter 13 Trustee<br>P.O. Box 8250<br>Boston, MA  02114-0033 | **Electronically mailed @**<br>13trustee@ch13boston.com |
| William Mullen<br>49 Porter Road<br>Westwood, MA  02090 | Lienholder |
| Steven Sahagian<br>79 Rutledge Rd.<br>Belmont, MA  02478 | Lienholder |
| Ronald Hansen<br>5 River Haven Lane<br>E. Falmouth, MA  02536 | Debtor |

Henry C. Ellis, Esq. BBO#153360
Assiran, Ellis, & Devlin
79 Church Green
Taunton, MA  02780

Date:   October 27, 2005
C:\My Documents\EAL WORD DOC\Bankruptcy Doc\Hansen, Ronald-Appellee's Brief.doc