UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
IN RE:                          )
                                )
WILLIAM R. MULLEN, et al.,      )
     Appellants,                )
                                )
          v.                    )    Civ. NO. 05-11690-NG
                                )
RONALD A. HANSEN,               )
     Appellee.                  )
```
GERTNER, D.J.:

ORDER OF DISMISSAL
May 31, 2006

I. BACKGROUND

On August 12, 2004, Appellants William R. Mullen and Steven Sahagian recorded a judicial lien in the Barnstable County Registry of Deeds. In December 2004, Appellee Ronald Hansen filed a Chapter 13 case in Bankruptcy Court. Appellee owns a house in East Falmouth that is encumbered by Appellants' $42,309 judicial lien and two mortgages that total $82,982. In May of 2005, the bankruptcy court issued an order avoiding Appellants' judicial lien in its entirety without a written opinion. Appellants filed a motion to reconsider, but their motion was denied. Appellants subsequently appealed to this court.

II. STANDARD OF REVIEW

"In reviewing an appeal from an order of a bankruptcy court, a district court reviews de novo 'conclusions of law and legal significance accorded to facts.' However, a district court must

accept the bankruptcy judge's findings of fact unless a review of the record demonstrates that they are 'clearly erroneous.'" <u>In re CK Liquidation Corp.</u>, 2005 U.S. Dist. LEXIS 22360, *7 (D. Mass. 2005) (quoting <u>In re Chestnut Hill Mortgage Corp.</u>, 158 B.R. 547, 549 (D.Mass. 1993)).

### III. **ANALYSIS**

Appellants contend that Appellee is not entitled to a full avoidance of the judicial lien.  They argue that applying the avoidance formula in 11 U.S.C. § 522(f) to the specific assessment of the home's value that they argue for, suggests a different conclusion than that reached by the Bankruptcy Court.  According to their computations, the Bankruptcy Court should have found that the lien was only partially avoided and that an attachment of roughly $22,000 remained.

Appellee does not debate the legal interpretation advanced by Appellants.  Instead, he shows that the Bankruptcy Court used a different assessment of the home's value received from Appellee and that applying this value to the 11 U.S.C. § 522(f) formula results in an outcome consistent with the Bankruptcy Court's decision.

It is clear to the Court that the parties' dispute revolves around a quintessentially factual determination, the assessed value of Appellee's home.  Appellant's two page brief provides no reason to think otherwise.  Factual findings are reviewed by this

Court for clear error, Fed. R. Bankr. P. 8013.  The burden is on appellant to show that the findings were clearly erroneous.  See BT/SAP Pool C Assocs. v. Coltex Loop Central Three Partners, 203 B.R. 527, 531 (S.D.N.Y. 1996); In re Sunshine-Jr. Stores, Inc., 198 B.R. 823, 825 (M.D. Fla. 1996).  Here, Appellant has failed to argue that adoption of the assessment offered by Appellee is erroneous at all, much less clearly erroneous.  Consequently, I find that Appellant has failed to meet their burden and this appeal is hereby **DISMISSED**.

**IV. CONCLUSION**

For the reasons stated above, this appeal is hereby **DISMISSED**.

**SO ORDERED.**

**Date: May 31, 2006**          **/s/NANCY GERTNER, U.S.D.J.**